UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SOLODYN (MINOCYCLINE HYDROCHLORIDE)
ANTITRUST LITIGATION                                           MDL No. 2503

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendants[1] in twelve antitrust actions relating to anticompetitive conduct in the market for minocycline hydrochloride seek centralization of this litigation in the District of Arizona or, alternatively, the Eastern District of Pennsylvania. This litigation currently consists of twelve actions pending in the District of Arizona, the District of Massachusetts, and the Eastern District of Pennsylvania, as listed on Schedule A.[2]

All the responding parties support centralization, but disagree as to the transferee district. Plaintiffs in eight Eastern District of Pennsylvania end-payor cases support centralization in the Eastern District of Pennsylvania. Plaintiff in the Eastern District of Pennsylvania *Rochester Drug* direct purchaser action supports centralization in the Eastern District of Pennsylvania or, alternatively, the District of Massachusetts. Plaintiff in the District of Arizona action suggests centralization in District of Arizona or the District of Massachusetts. Plaintiffs in the three District of Massachusetts actions support centralization in the District of Massachusetts.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions are purported nationwide class actions alleging that defendants violated

---

[*] Judges Paul J. Barbadoro and Lewis A. Kaplan took no part in the decision of this matter.

[1] Medicis Pharmaceutical Corp. and Valeant Pharmaceuticals International, Inc.; and generic defendants Impax Laboratories, Inc.; Lupin Ltd. and Lupin Pharmaceuticals, Inc.; Mylan Inc. and Matrix Laboratories Ltd.; Ranbaxy Pharmaceuticals, Inc., Ranbaxy Inc., and Ranbaxy Laboratories, Ltd.; Sandoz Inc.; Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc. and Barr Laboratories, Inc.

[2] The parties have notified the Panel of an additional related action pending in the Eastern District of Pennsylvania. This action and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

-2-

federal and state antitrust laws by excluding generic competition for Solodyn[3] through, among other things: filing sham patent litigation and baseless citizen petitions with the Food and Drug Administration, entering into reverse payment agreements in which Medicis allegedly agreed to pay the generic manufacturer defendants substantial sums in exchange for delaying entry of their less expensive generic versions of Solodyn into the market, and enacting a "product-hopping" scheme in which Medicis unnecessarily introduced varying dosages of Solodyn in an effort to deplete demand for approved generic dosages. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given that this litigation involves the alleged anticompetitive conduct of several pharmaceutical manufacturers concerning a prescription drug that has been widely marketed throughout the nation, any number of districts could serve as the transferee district. On balance, we conclude that the District of Massachusetts is an appropriate transferee district for this litigation. This district offers a forum that is both convenient and accessible for the parties and witnesses, particularly for the numerous defendants that are based along the East Coast.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Denise J. Casper for coordinated or consolidated pretrial proceedings with the actions pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell     Charles R. Breyer
Sarah S. Vance     Ellen Segal Huvelle

---

[3] Solodyn (minocycline hydrochloride) is a tetracycline antibiotic that is prescribed for the treatment of non-nodular moderate to severe acne.

IN RE: SOLODYN (MINOCYCLINE HYDROCHLORIDE)
ANTITRUST LITIGATION      MDL No. 2503

### SCHEDULE A

<u>District of Arizona</u>

City of Providence, Rhode Island v. Medicis Pharmaceutical Corp., et al.,
  C.A. No. 2:13-01952

<u>District of Massachusetts</u>

Ahold USA, Inc. v. Medicis Pharmaceutical Corp., et al., C.A. No. 1:13-12225
International Union of Operating Engineers Stationary Engineers Local 39 Health &
  Welfare Trust Fund v. Medicis Pharmaceutical Corp. et al., C.A. No. 1:13-12435
Painters District Council No. 30 Health and Welfare Fund v. Medicis Pharmaceutical
  Corp., et al., C.A. No. 1:13-12517

<u>Eastern District of Pennsylvania</u>

United Food and Commercial Workers Local 1776 & Participating Employers Health
  and Welfare Fund v. Medicis Pharmaceutical Corp., et al., C.A. No. 2:13-04235
Rochester Drug Co-Operative, Inc. v. Medicis Pharmaceutical Corp., et al.,
  C.A. No. 2:13-04270
Local 274 Health & Welfare Fund v. Medicis Pharmaceutical Corp., et al.,
  C.A. No. 2:13-04642
Sheet Metal Workers Local No. 25 Health & Welfare Fund v. Medicis Pharmaceutical
  Corp., et al., C.A. No. 2:13-04659
Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund v. Medicis
  Pharmaceutical Corp., et al., C.A. No. 2:13-05021
Heather Morgan v. Medicis Pharmaceutical Corp., et al., C.A. No. 2:13-05097
Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund v. Medicis
  Pharmaceutical Corp., et al., C.A. No. 2:13-05105
International Union of Operating Engineers Local 132 Health and Welfare Fund v.
  Medicis Pharmaceutical Corp., et al., C.A. No. 2:13-05108

I hereby certify on 2/25/14 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☑ electronically filed original filed on 2/25/14
☐ original filed in my office on ___
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: ___
Deputy Clerk