# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SOLODYN (MINOCYCLINE HYDROCHLORIDE) ANTITRUST LITIGATION | MDL No. 2503<br><br>Civil Action No. 1:14-MD-2503-DJC |
| This Document Relates to:<br><br>Direct Purchaser Actions | |

## ORDER

WHEREAS, on October 16, 2017, this Court allowed Direct Purchaser Class Plaintiffs' Motion for Class Certification under Fed. R. Civ. P. 23(b)(3) (ECF 682) (the "Class Certification Order");

WHEREAS, in the Class Certification Order, this Court certified pursuant to Fed. R. Civ. P. 23(b)(3) the below-listed class (the "Class");

> All persons or entities in the United States and its territories, including Puerto Rico, who purchased (a) 45mg, 55mg, 65mg, 80mg, 90mg, 105mg, 115mg, and/or 135mg brand or generic Solodyn tablets directly from any Defendant or other manufacturer at any time during the period July 23, 2009 through and including November 25, 2012 and/or (b) 55mg, 65mg, 80mg, 105mg, and/or 115mg brand Solodyn tablets directly from Medicis at any time from November 26, 2012 until November 30, 2015. Excluded from the Class are Defendants, and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal government entities.

WHEREAS, in the Class Certification Order, this Court found that the Direct Purchaser Class Plaintiffs satisfied the requirements of Fed. R. Civ. P. 23(a)(1), (a)(2), and (a)(3) by showing that the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, and the claims or defenses of the representative parties are typical of the claims or defenses of the class (ECF 682 at 6 n.4, 11);

WHEREAS, in the Class Certification Order, this Court found that the Direct Purchaser Class Plaintiffs satisfied the adequacy of representation requirements of Fed. R. Civ. P. 23(a)(4) by showing that the class representatives—Ahold USA, Inc. and Rochester Drug Co-Operative, Inc.—do not have any conflicts with other class members and by showing that class counsel is qualified and will vigorously prosecute this case (ECF 682 at 6 n.4);

WHEREAS, in the Class Certification Order, this Court found that the Direct Purchaser Class Plaintiffs satisfied the predominance requirement of Rule 23(b)(3) (ECF 682 at 12-23);

WHEREAS, Direct Purchaser Plaintiffs have requested that the Court approve their proposed form and manner of notice to the certified class informing them of the pendency of this class action and appoint Angeion Group, LLC as the notice administrator tasked with effectuating notice to each class member; AND

WHEREAS, Defendants Medicis Pharmaceutical Corp. ("Medicis"), Impax Laboratories, Inc. ("Impax") have no opposition to the form or manner of notice;

NOW THEREFORE, for the reasons set forth in the Class Certification Order, the Court hereby ORDERS that:

1. Pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g), the Court hereby appoints the following counsel as Co-Lead Counsel for the Class ("Co-Lead Class Counsel"):

> Thomas M. Sobol
> Lauren Guth Barnes
> Hagens Berman Sobol Shapiro LLP
> 55 Cambridge Parkway, Suite 301
> Cambridge MA 02142
> Tel: 617-482-3700
> Fax: 617-482-3003
> Email: tom@hbsslaw.com
>       lauren@hbsslaw.com
>
> David F. Sorensen
> Andrew C. Curley
> Caitlin G. Coslett
> Berger & Montague, P.C.
> 1622 Locust Street
> Philadelphia, PA 19103

Tel: (215) 875-3000
Fax: (215) 875-4604 (fax)
Email: dsorensen@bm.net
acurley@bm.net
ccoslett@bm.net

2. Pursuant to Rule 23(a)(4), Ahold USA, Inc. and Rochester Drug Co-Operative, Inc., are hereby appointed as representatives of the Class.

The Court further ORDERS that:

3. Angeion Group, LLC is hereby appointed notice administrator for this action.

4. The form of notice to be sent to members of the Class will be substantially in the form of the proposed notice (the "Notice") attached as Exhibit 2 to the Declaration of Lauren G. Barnes filed with the Motion ("Barnes Declaration").

5. Within 14 days of the entry of this Order, the notice administrator shall cause the Notice to be sent by U.S. First Class mail to the members of the class listed in Exhibit 1 to the Barnes Declaration.

6. Members of the Class may request exclusion from the Class in writing postmarked no later than 30 days from the mailing of the notice to the Class. The notice administrator, Angeion Group, LLC, and Lead Class Counsel shall monitor and record any and all opt-out requests that are received.

7. Within 60 days of entry of this Order, the notice administrator shall file a declaration with the Court confirming that the notice has been sent by U.S. First Class Mail to all Class members as required herein and identifying the Class members, if any, who requested to be excluded from the Class.

SO ORDERED this 14th day of December, 2017.

_____
Denise J. Casper
United States District Judge
U.S. District Court for the District of Massachusetts

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SOLODYN (MINOCYCLINE HYDROCHLORIDE) ANTITRUST LITIGATION | MDL No. 2503<br><br>1:14-md-2503-DJC |
| THIS DOCUMENT RELATES TO:<br><br>**DIRECT PURCHASER ACTIONS** | **NOTICE OF PENDENCY OF CLASS ACTION** |

# If you purchased brand or generic Solodyn (extended-release minocycline hydrochloride tablets) directly from Medicis Pharmaceutical Corp., Impax Laboratories, Inc., and/or other manufacturers, a class action lawsuit could affect your rights.

*This Notice is being provided by Order of the U.S. District Court.*
*It is not a solicitation from a lawyer. You are not being sued.*

Ahold USA, Inc. and Rochester Drug Co-Operative, Inc. ("Plaintiffs") have sued defendants (a) Medicis Pharmaceutical Corp. ("Medicis"), (b) Impax Laboratories, Inc. ("Impax"), (c) Sandoz Inc. ("Sandoz"), and (d) Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") (collectively, "Defendants"). The Plaintiffs allege that the Defendants violated federal antitrust laws by unlawfully impairing the introduction of generic versions of the prescription drug Solodyn into the United States market. The Plaintiffs allege that Medicis entered into an illegal reverse payment agreement with Impax that impaired generic Solodyn competition. The lawsuit claims this reverse payment agreement injured Plaintiffs and members of a class of direct purchasers of brand and generic Solodyn by causing them to pay higher prices for extended-release minocycline hydrochloride tablets. Medicis and Impax deny these claims and deny that they did anything wrong.

Plaintiffs previously settled their claims with Sandoz and Lupin. More information about the settlements with Sandoz and Lupin is available at www.SolodynDirectPurchaserAntitrustLitigation.com. You may have received a notice concerning those settlements on or after April 28, 2017.

The case against Medicis and Impax is still ongoing. On October 16, 2017, Judge Denise J. Casper of the United States District Court for the District of Massachusetts allowed this antitrust lawsuit to proceed as a class action, and certified the following class:

1

All persons or entities in the United States and its territories, including Puerto Rico, who purchased (a) 45mg, 55mg, 65mg, 80mg, 90mg, 105mg, 115mg, and/or 135mg brand or generic Solodyn tablets directly from any Defendant or other manufacturer at any time during the period July 23, 2009 through and including November 25, 2012 and/or (b) 55mg, 65mg, 80mg, 105mg, and/or 115mg brand Solodyn tablets directly from Medicis at any time from November 26, 2012 until November 30, 2015. Excluded from the Class are Defendants, and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | By doing nothing, and if you are a member of the class, then you will remain in the class and may be entitled to share in any recovery that may come from a trial or settlement with Medicis and Impax. All of the Court's orders will apply to you and legally bind you. |
| **EXCLUDE YOURSELF FROM THE CLASS** | This is the only option that allows you to file or be part of another lawsuit against Defendants Medicis and Impax relating to the claims in this case. If you exclude yourself from the class, you will not be bound by any of the Court's orders in this case as to the claims against Medicis and Impax, nor will you be entitled to participate in and benefit from any recovery in this case. |
| **GET MORE INFORMATION** | If you would like more information about the lawsuit, you can review this notice and send questions to the lawyers identified in Question 11 below. |

**THESE RIGHTS AND OPTIONS
– AND THE DEADLINES TO EXERCISE THEM –
ARE EXPLAINED IN THIS NOTICE.**

BASIC INFORMATION..................................................................................PAGE 4

1. Why did I receive this notice?
2. What is the lawsuit about?
3. Why is this lawsuit a class action?

THE CLAIMS IN THE LAWSUIT.................................................................PAGE 5

4. Has the Court decided who is right?
5. What are Plaintiffs asking for?
6. Is there any money available now?

WHO IS IN THE CLASS................................................................................PAGE 6

7. Am I part of this class?

YOUR RIGHTS AND OPTIONS...................................................................PAGE 6

8. What happens if I do nothing at all?
9. Why would I ask to be excluded?
10. How do I ask the Court to exclude me from the class?

THE LAWYERS REPRESENTING YOU.....................................................PAGE 7

11. Do I have a lawyer in this case?
12. Should I get my own lawyer?
13. How will the lawyers be paid?

THE TRIAL......................................................................................................PAGE 8

14. How and when will the Court decide who is right?
15. Do I have to come to the trial?
16. Will I get money after the trial?

GETTING MORE INFORMATION..............................................................PAGE 8

17. Are more details available?

# BASIC INFORMATION

## 1. Why did I get this notice?

You received this notice because, according to sales data produced by the manufacturers of brand and generic Solodyn, you may have purchased branded or generic Solodyn directly from Defendants or some other manufacturer between July 23, 2009 and November 30, 2015. This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise. Judge Denise J. Casper of the United States District Court for the District of Massachusetts is overseeing this class action. The lawsuit is known as *In re Solodyn Antitrust Litigation*, Civil Action No. 1:14-MD-2503-DJC (D. Mass.).

## 2. What is this lawsuit about?

Plaintiffs allege that the Medicis and Impax violated federal antitrust laws by unlawfully impairing the introduction of generic versions of the prescription drug Solodyn into the United States market.

Plaintiffs allege that Medicis entered into an illegal reverse payment agreement with Impax that impaired generic Solodyn competition.

Plaintiffs claim that this alleged conduct suppressed or eliminated competition that Medicis would have faced. The Plaintiffs further claim that class members were injured as a result of the challenged conduct by paying more for extended-release minocycline hydrochloride tablets. A redacted public copy of the Plaintiffs' Amended Complaint and Demand for Jury Trial, dated February 18, 2016, is available for download at www.SolodynDirectPurchaserAntitrustLitigation.com.

Defendants deny all these allegations, including that any Plaintiff or class member is entitled to damages or other relief.

Plaintiffs previously settled their claims against Sandoz and Lupin. More information about the settlements with Sandoz and Lupin is available at www.SolodynDirectPurchaserAntitrustLitigation.com. You may have received a notice concerning those settlements on or after April 28, 2017.

The case against Defendants Medicis and Impax is ongoing. There has been no determination by the Court or a jury that the allegations against Defendants Medicis and Impax have been proven.

## 3. Why is this lawsuit a class action?

In a class action lawsuit, one or more persons or entities (called "plaintiffs" or "class representatives") sues on behalf of others who have similar claims. Together, they are typically

called a "class" or "class members." Accordingly, entities that purchased brand or generic Solodyn directly from a manufacturer during the relevant time period are considered part of a "class" or "class members." The companies that filed suit are called the plaintiffs (or class representatives). The companies that are sued, in this case Medicis and Impax, are called defendants. (Sandoz and Lupin were defendants, but have settled.)

In a class action lawsuit, one court resolves the issues for everyone in the class, except for those class members who exclude themselves from the class. The Court, by order dated October 16, 2017 certified the class in this case. A copy of the Court's order may be found at www.SolodynAntitrustLitigation.com.

The Court decided that this lawsuit can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- The number of class members is so numerous that joining them all into one suit is impractical.

- Members of the class share common legal or factual issues relating to the claims in this case.

- The claims of the class representatives are typical of the claims of the rest of the class.

- The class representatives and the lawyers representing the class will fairly and adequately protect the class's interests.

- The common legal and factual questions predominate over any questions affecting only individual members of the class, and this class action will be more efficient than individual lawsuits.

- The common legal and factual questions include:

    o   Whether the conduct challenged as anticompetitive constituted a conspiracy in violation of Section 1 of the Sherman Act 15 U.S.C. § 1;

    o   Whether the conduct challenged substantially affected interstate commerce and caused antitrust injury-in-fact to the class, in the nature of overcharges paid as a result of the higher prices paid directly by class members for extended-release minocycline hydrochloride tablets; and

    o   The amount of overcharge damages, if any, owed to the Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C. § 15.

## THE CLAIMS IN THIS LAWSUIT

### 4. Has the Court decided who is right?

The Court has not decided in favor of Plaintiffs or Defendants with respect to the pending claims. By issuing this notice, the Court is not suggesting that Plaintiffs will win or lose this case. If the claims against the Defendants who have not settled (Medicis and Impax) are not resolved by a settlement or otherwise, Plaintiffs must prove their claims at trial. A jury trial date has been set by the Court for March 12, 2018.

### 5. What are Plaintiffs asking for?

Plaintiffs are seeking to recover the overcharges they claim the class suffered as a result of Medicis's and Impax's anticompetitive conduct. If Plaintiffs prevail at trial, they will be entitled to ask that the Court triple the amount of damages that the Plaintiffs are able to prove. Plaintiffs also seek attorneys' fees and litigation costs.

### 6. Is there any money available now?

No money or benefits are available now because the Court has not yet decided whether Defendants Medicis or Impax did anything wrong, and Plaintiffs have not settled their claims against Medicis and Impax. (For more information about the settlements with Sandoz and Impax, visit www.SolodynDirectPurchaserAntitrustLitigation.com.) There is no guarantee that money or benefits will ever be obtained from Defendants Medicis or Impax. If they are, class members will be notified regarding how to obtain a share.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

### 7. Am I part of this case?

On October 16, 2017, a federal court allowed this antitrust lawsuit to proceed as a class action, and certified the following class:

> All persons or entities in the United States and its territories, including Puerto Rico, who purchased (a) 45mg, 55mg, 65mg, 80mg, 90mg, 105mg, 115mg, and/or 135mg brand or generic Solodyn tablets directly from any Defendant or other manufacturer at any time during the period July 23, 2009 through and including November 25, 2012 and/or (b) 55mg, 65mg, 80mg, 105mg, and/or 115mg brand Solodyn tablets directly from Medicis at any time from November 26, 2012 until November 30, 2015. Excluded from the Class are Defendants, and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.

If you fit within the definition of the class, you will be considered a member of the class unless you timely and fully comply with the instructions for excluding yourself from the class as set forth below.

## YOUR RIGHTS AND OPTIONS

If you fit within the definition of the class, you have to decide whether to stay in the class or ask to be excluded before the trial, and you have to decide this now.

## IF YOU DO NOTHING

### 8. What happens if I do nothing at all?

If you fit within the definition of the class and you do nothing, then you will remain in the class. You will keep the right to a share of any recovery that may come from a trial or settlement with Defendants Medicis and/or Impax in this litigation. You will not be able to start your own lawsuit against either Medicis or Impax relating to the legal issues or claims in this case. All of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE CLASS

### 9. Why would I ask to be excluded?

If you exclude yourself from the class – also known as "opting-out" of the class – you won't get any money or benefits from this lawsuit even if Plaintiffs obtain them as a result of trial or from any settlement with Defendants Medicis and/or Impax. If you exclude yourself, you will not be legally bound by any of the Court's orders as to the claims against Medicis and Impax in this class action or any judgment or release entered in this class action.

### 10. How do I ask the Court to exclude me from the class?

To exclude yourself, you must send a letter *via* first class U.S. mail to a lawyer listed in Question 11 below saying that you want to exclude yourself from the Lawsuit, *In re Solodyn Antitrust Litigation*, Civil Action No. 1:14-MD-2503-DJC (D. Mass.). Be sure to include your name, address, telephone number, and your signature. Your letter requesting exclusion **must** be postmarked no later than **[30 DAYS FROM DATE OF MAILING OF NOTICE]**.

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in this case?

The Court appointed two law firms to serve as counsel to represent you and all class members. Their contact information is as follows:

| | |
|---|---|
| Thomas M. Sobol | David F. Sorensen |
| Lauren G. Barnes | Andrew C. Curley |
| Kiersten A. Taylor | Caitlin G. Coslett |
| HAGENS BERMAN SOBOL SHAPIRO LLP | BERGER &MONTAGUE, P.C. |
| 55 Cambridge Parkway, Suite 301 | 1622 Locust Street |
| Cambridge, MA 02142 | Philadelphia, PA 19103 |
| Tel: (617) 482-3700 | Tel: (215) 875-3000 |

### 12. Should I get my own lawyer?

You do not need to hire your own lawyer if you remain in the class because the lawyers appointed by the Court are working on your behalf. You may hire a lawyer and enter an appearance through your lawyer at your own expense if you so desire.

### 13. How will the lawyers be paid?

If class counsel achieves a recovery for the class, the Court will be asked to approve reasonable fees and expenses for the lawyers who worked on the case and reimbursement for the litigation expenses they have advanced on behalf of the class. If the Court grants class counsel's requests, fees and expenses would either be deducted from any money obtained for the class or paid separately by Defendants Medicis or Impax. Members of the class will not have to pay any attorneys' fees or expenses.

## THE TRIAL

### 14. How and when will the Court decide who is right?

If the claims against Defendants Medicis and Impax are not resolved by a settlement or otherwise, class counsel will have to prove Plaintiffs' claims at trial. A jury trial is scheduled for March 12, 2018. During the trial, a jury will hear evidence about whether or not Plaintiffs are right about the claims in the lawsuit. There is no guarantee that Plaintiffs will win, or that Plaintiffs will get any money for the class. Any judgment will be binding on all class members who have not opted out, regardless of who wins.

### 15. Do I have to come to the trial?

No, you do not need to attend the trial. Class counsel will present the case for Plaintiffs and the class, and counsel for Defendants Medicis and Impax will present the defenses. You and/or your own lawyer are welcome to attend the trial at your own expense.

### 16. Will I get money after the trial?

If Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know if or when this will occur or how long this will take.

## GETTING MORE INFORMATION

### 17. How do I get more information?

For more detailed information about this litigation, please refer to the papers on file in this litigation, which may be inspected at the Office of the Clerk, United States District Court for the District of Massachusetts, United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210 during regular business hours of each business day. You may also get additional information by calling or writing to class counsel as indicated above, or by visiting www.SolodynAntitrustLitigation.com, or by writing to the Notice Administrator, Angeion Group, at the following address:

> Angeion Group
> 1801 Market Street, Suite 660
> Philadelphia, PA 19103

**PLEASE DO NOT WRITE TO OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION. INSTEAD, PLEASE DIRECT ANY INQUIRIES TO ANY OF THE CLASS COUNSEL LISTED ABOVE.**

DATE: December 14, 2017

BY THE COURT

_____
Hon. Denise J. Casper
United States District Judge