**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE SOLODYN (MINOCYCLINE HYDROCHLORIDE) ANTITRUST LITIGATION | MDL No. 2503<br><br>1:14-MD-2503-DJC |
| THIS DOCUMENT RELATES TO:<br><br>ALL END-PAYOR ACTIONS |  |

<u>**SETTLEMENT AGREEMENT**</u>

THIS SETTLEMENT AGREEMENT ("Settlement Agreement" or the "Settlement") is made and entered into on March 28, 2018, by and between Defendant Impax Laboratories, Inc. ("Impax" or "Defendant"); and End-Payor Purchaser Class Plaintiffs' ("End Payor Class Plaintiffs") Lead Counsel acting pursuant to the Court's Order, dated October 16, 2017 (ECF 682) on behalf of Plaintiffs United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund; the City of Providence, Rhode Island; Fraternal Order of Police, Fort Lauderdale 31 Insurance Trust Fund; International Union of Operating Engineers Local 132 Health and Welfare Fund; International Union of Operating Engineers Stationary Engineers Local 39 Health & Welfare Trust Fund; Painters District Council No. 30 Health and Welfare Fund; Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund; Heather Morgan; Man-U Service Contract Trust Fund; Sheet Metal Workers Local No. 25 Health & Welfare Fund; Local 274

Health & Welfare Fund; and Allied Services Welfare Fund (collectively "named Plaintiffs," "End Payor Class Plaintiffs" or "Plaintiffs"), and on behalf of the End-Payor Class (as defined in paragraph 1 below) in Civil Action No. 14-md-02503 (the "End-Payor Class Action").

WHEREAS, the parties acknowledge that the United States District Court for the District of Massachusetts (the "Court") has jurisdiction over these actions, each of the parties hereto, and all putative members of the End-Payor Class for all manifestations of this case, including this Settlement;

WHEREAS, Plaintiffs alleged that Defendant violated federal antitrust and numerous state antitrust and consumer protection laws by wrongfully delaying the introduction of generic versions of the branded prescription drug Solodyn in violation of the Clayton Act, 15 U.S.C. § 26 and numerous States' antitrust and consumer protection acts, as detailed in the Second Amended Consolidated Class Action Complaint (ECF 325) and other papers filed with the Court, and Plaintiffs and other members of the End-Payor Class incurred significant damages as a result;

WHEREAS, Defendant denies each and every one of Plaintiffs' allegations of unlawful conduct, deny that any conduct challenged by Plaintiffs caused any damage whatsoever, and have asserted a number of defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs and Defendant agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant or of the truth of any

of the claims or allegations alleged in the End-Payor Class Action or a waiver of any defenses thereto;

WHEREAS, arm's-length settlement negotiations have taken place between counsel for Plaintiffs and Defendant, including with the assistance of a neutral mediator, and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Defendant and Plaintiffs, both individually and on behalf of the proposed End-Payor Class (the "Settlement"), has been reached, subject to the final approval of the Court;

WHEREAS, Plaintiffs' counsel have concluded, after extensive fact discovery, expert analysis, and dispositive motion practice, and after having carefully considered the circumstances of the End-Payor Class Action, including the claims asserted, and the possible legal and factual defenses thereto, that it would be in the best interests of the End-Payor Class to enter into this Settlement Agreement to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure a benefit to the End-Payor Class, and, further, that Plaintiffs' counsel consider the Settlement set forth herein to be fair, reasonable, and adequate compensation, and in the best interests of the End-Payor Class;

WHEREAS, Plaintiffs have obtained approval of this settlement from United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund; the City of Providence, Rhode Island; Fraternal Order of Police, Fort Lauderdale 31 Insurance Trust Fund; International Union of Operating Engineers Local 132 Health and Welfare Fund; International Union of Operating Engineers

Stationary Engineers Local 39 Health & Welfare Trust Fund; Painters District Council

No. 30 Health and Welfare Fund; Plumbers & Pipefitters Local 178 Health & Welfare

Trust Fund; Heather Morgan; Man-U Service Contract Trust Fund; Sheet Metal

Workers Local No. 25 Health & Welfare Fund; Local 274 Health & Welfare Fund;

and Allied Services Welfare Fund; and

WHEREAS, Defendant has concluded, despite their belief that they are not

liable for the claims asserted and that they have good defenses thereto, that it would be

in their best interests to enter into this Settlement Agreement to avoid the uncertainties

of litigation, and thereby avoid the risks inherent in complex litigation;

NOW THEREFORE, it is agreed by the undersigned, on behalf of Defendant,

Plaintiffs, and the End-Payor Class, that all claims of Plaintiffs and the End-Payor Class

against Defendant be settled, compromised and dismissed with prejudice and, except

as hereinafter provided, without costs as to Defendant or Plaintiffs, subject to the

approval of the Court, on the following terms and conditions:

1.    **End-Payor Class.** This settlement is on behalf of the Plaintiffs and a

class defined as follows ("End-Payor Class"):

> All persons or entities in the United States and its
> territories and possessions, including the
> Commonwealth of Puerto Rico, who indirectly
> purchased, paid and/or provided reimbursement for
> some or all of the purchase price for Solodyn 45mg,
> 55mg, 65mg, 80mg, 90mg, 105mg, 115mg and/or
> 135mg tablets and/or generic versions of one or more of
> these dosages in Alabama, Alaska, Arizona, Arkansas,
> California, Florida, Hawaii, Idaho, Illinois, Iowa,
> Kansas, Louisiana, Maine, Massachusetts, Michigan,
> Minnesota, Mississippi, Missouri, Montana, Nebraska,

4

Nevada, New Hampshire, New Jersey, New Mexico,
New York, North Carolina, North Dakota, Oklahoma,
Oregon, Rhode Island, South Dakota, Tennessee, Utah,
Vermont, Washington, West Virginia, Wisconsin,
Wyoming, the District of Columbia and Puerto Rico,
for consumption by themselves, their families, or their
members, employees, insureds, participants, or
beneficiaries, other than for resale, at any time from
July 23, 2009 until March 28, 2018.

The following persons or entities are excluded from the End-Payor Class:

a. Defendant and their counsel, officers, directors, management, employees, subsidiaries, or affiliates;

b. All federal or state governmental entities, excluding cities, towns, or municipalities with self-funded prescription drug plans;

c. All persons or entities who purchased Solodyn or its generic equivalents for purposes of resale or directly from the Defendant or its affiliates;

d. Fully insured health plans (plans that purchased insurance from another third-party payor covering 100% of the plan's reimbursement obligations to its members);

e. Pharmacy Benefits Managers;

f. Flat co-payers (consumers who paid the same co-payment amount for brand and generic drugs); and

g. The judges in this case and any members of their immediate families.

**2.      Reasonable Best Efforts to Effectuate This Settlement**. Counsel for

the undersigned agree to undertake their best efforts, including all steps and efforts

contemplated by this Settlement Agreement and any other steps and efforts that may

be necessary or appropriate, by order of the Court or otherwise, to secure approval of

the Settlement and final determination with prejudice of all claims in their action

against Impax and to carry out the terms of this Settlement. These efforts include

Defendant serving notice of this Settlement on those entities required to receive notice under the Class Action Fairness Act.

**3.**      **Motion for Preliminary Approval**. Following the execution of this Settlement Agreement by all parties hereto and no later than April 4, 2018 Plaintiffs shall file with the Court a motion for preliminary approval of the Settlement. The motion for preliminary approval shall request the entry of a preliminary approval order substantially in the form of Exhibit A hereto (the "Preliminary Approval Order"), including: (i) the preliminary approval of the Settlement as fair, reasonable, and adequate, and in the best interests of the End-Payor Class; (ii) preliminary approval of the Plan of Allocation of the Settlement Fund; (iii) approval of the notice and proposed notice plan; (iv) a schedule for a hearing by the Court after the notice period has expired to approve the Settlement and to consider Plaintiffs' counsel's applications for attorneys' fees, reimbursement of costs and expenses, and incentive awards as set forth in this Settlement Agreement; (v) a stay of all proceedings in the End-Payor Class Action against Impax until such time as the Court renders a final decision regarding the approval of the Settlement as described below in paragraph 5; and (vi) approval of an escrow agreement regarding the Settlement consideration described below in paragraph 6. After the Court preliminarily approves the Settlement, Plaintiffs shall, in accordance with the Preliminary Approval Order, provide End-Payor Class members with notice of the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure substantially in the form attached hereto as Exhibit B. The provision of an additional period for Class Members to seek exclusion from the Class in either the Preliminary Approval Order or

class notice shall constitute a material change triggering the rights of the parties hereto to terminate or amend the Settlement as set forth in paragraphs 16 and 18, respectively. Plaintiffs' counsel will recommend notice to the Class according to the Notice Plan submitted by the Claims and Notice Administrator which shall provide for the best notice practicable and to include direct mail to those members of the class who can be reasonably identified and shall also provide notice by publication as set forth in the notice plan.

4.    **Motion for Final Approval and Entry of Final Judgment**. If the Court preliminarily approves the Settlement, Plaintiffs shall submit a motion for final approval of this Settlement by the Court, after appropriate notice to the End-Payor Class, and shall seek entry of a Final Judgment and Order substantially in the form attached hereto as <u>Exhibit C,</u> with any additional findings of fact and conclusions of law (the "Final Order and Judgment"), at a final-approval hearing:

   a.   Finding this Settlement Agreement and its terms to be a fair, reasonable, and adequate settlement as to Plaintiffs and the members of the End-Payor Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

   b.   Providing for payment of reasonable attorneys' fees and reimbursement of the costs and expenses from the Settlement Fund (as defined below);

   c.   Providing for payment solely from the Settlement Fund of incentive awards to the named Plaintiffs in addition to whatever monies they will receive from the Settlement Fund pursuant to a Court-approved plan of allocation;

   d.   Directing that the End-Payor Class Action be dismissed with prejudice as to Impax and, except as provided for herein, without attorneys' fees or costs recoverable under 15 U.S.C. §15(a) or similar state statutes;

e. Reserving exclusive jurisdiction over the Settlement and this Settlement Agreement, including the provisions of paragraph 5, the administration and consummation of this Settlement, the award of attorneys' fees and reimbursement of costs and expenses, and the payment of incentive awards to each of the named Plaintiffs, if allowed by the Court; and

f. Directing that the judgment of dismissal of all End-Payor Class claims against Impax shall be final and appealable pursuant to Fed. R. Civ. P. 54(b), there being no just reason for delay.

5. **Finality of Settlement**. This Settlement Agreement shall become final upon the occurrence of all of the following:

a. It is approved by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

b. The Court enters a Final Order and Judgment, as provided for in paragraph 4 herein, including dismissal with prejudice against the Plaintiffs and the members of the End-Payor Class; and

c. The time for appeal from the Court's approval of this Settlement and entry of the Final Order and Judgment has expired or, if appealed, either such appeal shall have been dismissed prior to resolution by the Court or approval of this Settlement and the Final Order and Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

6. **Settlement Fund**.

(a) Subject to the terms and conditions of this Settlement Agreement and the Escrow Agreement (as defined below), within ten (10) business days after the latter of the entry by the Court of the Preliminary Approval Order or the receipt of wire instructions from Class Counsel, Defendant shall deposit Twenty Million Dollars ($20,000,000) into an escrow account (the "Escrow Account") held and administered by Huntington National Bank (the "Escrow Agent") pursuant to the terms of the Escrow Agreement entered into among Class Counsel and Huntington National Bank. The

Settlement Fund Amount deposited by Defendant into the Escrow Account and any accrued interest after deposit shall become part of and shall be referred to as the "Settlement Fund." Except as otherwise expressly permitted by paragraph 8 of the Escrow Agreement, the Escrow Agent shall disburse funds from the Escrow Account only pursuant to and consistent with the express terms of this Settlement Agreement, the Preliminary Approval Order, the Final Judgment and Order, the Escrow Agreement, and as expressly authorized by any other applicable order of the Court. Interest earned by the Settlement Fund shall become part of the Settlement Fund, less any taxes imposed on such interest.

(b)    The Escrow Account shall be established and administered pursuant to the Escrow Agreement. It is intended that the Escrow Account be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. § 1.468B-1 and that any taxes due as a result of income earned by the Settlement Fund will be paid from the Settlement Fund.

(c)    The Settlement Fund shall be available for distributions to members of the End-Payor Class upon the Settlement becoming final pursuant to paragraph 5 of this Settlement Agreement, subject to deductions for payments of: (1) reasonable attorneys' fees, costs and expenses approved by the Court (and any interest awarded thereon); (2) any Court-approved incentive awards to the named Plaintiffs in this End-Payor Class Action; (3) taxes payable on the Settlement Fund; and (4) any and all administrative and notice expenses associated with this litigation or the Settlement pursuant to the provisions of paragraph 10. The total consideration that Defendant will

pay for this Settlement shall be the Settlement Fund Amount only. No portion of the Settlement consideration shall constitute, or shall be construed as constituting, a payment in lieu of treble damages, fines, penalties, punitive damages or forfeitures.

7.     **No Injunctive Relief**. This Settlement does not include any provision for injunctive relief, and Plaintiffs waive any such claim as to any of the matters released or discharged in paragraph 12.

8.     **Full Satisfaction; Limitation of Interest and Liability**. Members of the End-Payor Class shall look solely to the Settlement Fund for settlement and satisfaction against Defendant of any and all Released Claims as defined in paragraph 12 herein, including any costs, fees or expenses of any of the settling Plaintiffs or their attorneys, experts, advisors, agents andrepresentatives, including with respect to the negotiation, execution and performance of their obligations under this Settlement Agreement. In the event that the Settlement becomes final pursuant to paragraph 5 herein, the Settlement Fund will fully satisfy any and all Released Claims as defined in paragraph 12 herein. Except as provided by order of the Court, no member of the End-Payor Class shall have any interest in the Settlement Fund or any portion thereof. Defendant shall have no liability with respect to disbursements from the Settlement Fund pursuant to any Court-approved Plan of Allocation.

9.     **Reimbursement of Costs and Expenses**. Plaintiffs and their counsel will be reimbursed and indemnified solely out of the Settlement Fund for all costs, fees, and expenses including, but not limited to, the costs of notice of this Settlement to End-Payor Class members, administration of the Settlement Fund, escrow administration,

and taxes. Defendant shall not be liable for any costs, fees or expenses of any of Plaintiffs' respective attorneys, experts, advisors, agents and representatives, or for any costs, fees or expenses for notice (other than the notice Defendant is required by the Class Action Fairness Act to send to the states' attorneys' general), administration or other costs of implementing this Settlement, but all such costs, fees and expenses as approved by the Court shall be paid out of the Settlement Fund.

      **10.**    **Disbursement of the Settlement Fund**. If this Settlement Agreement becomes final pursuant to the provisions of paragraph 5 herein, the Settlement Fund shall be distributed to End-Payor Class members as ordered by the Court. Before the Settlement becomes final pursuant to the provisions of paragraph 5, disbursements for the costs and expenses of the notice to the End-Payor Class and for administration of the Settlement Fund, up to $1,000,000.00, may be made from the Settlement Fund only upon written notice from the Lead Counsel for the End-Payor Class Plaintiffs to the Escrow Agent in the manner provided in the Escrow Agreement, with a copy provided to counsel for Defendant. Defendant shall have no liability or responsibility with respect to disbursements from or administration of the Settlement Fund.

      To the extent that there is any ambiguity or inconsistency concerning disbursements when this Settlement Agreement and the Escrow Agreement are read together, the terms of this Settlement Agreement shall control.

      **11.**    **Attorneys' Fees and Incentive Awards to the Named Plaintiffs**. Class counsel intend to seek, solely from the Settlement Fund, attorneys' fees not to exceed 33 1/3 % of the initial Settlement Fund plus the reimbursement of reasonable costs and

expenses incurred in the prosecution of the End-Payor Class Action against Defendant plus interest thereon, and an incentive award of five thousand dollars ($5,000.00) to the City of Providence in recognition of its testimony at trial. Defendant takes no position with respect to the application by Class Counsel for attorneys' fees, reimbursement of expenses and costs, and the incentive awards set forth above. Any attorneys' fees, expenses, costs and incentive awards approved by the Court shall be payable solely out of the Settlement Fund, and Plaintiffs, members of the End-Payor Class, and their respective counsel shall not seek payment of any attorneys' fees, expenses, costs or incentive awards from Defendant in this action, or in any other action related to the Released Claims (as defined in paragraph 12 hereof), from any source other than the Settlement Fund. The Released Parties (as defined in paragraph 12 hereof) shall not have any responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, expenses, costs or incentive awards, any allocation of attorneys' fees, expenses, costs or incentive awards among Class Counsel and/or Plaintiffs, or with respect to any allocation of attorneys' fees, expenses, costs or incentive awards to any other person or entity who may assert any claim thereto.

**12.     Releases.**

(a)     Upon this Settlement Agreement becoming final in accordance with paragraph 5 hereof, Plaintiffs and the End-Payor Class, except those who have requested exclusion from the Class and such request has been approved by the Court, shall unconditionally, fully and finally release and forever discharge and covenant not to sue Defendant, any past, present, and future parents, subsidiaries, divisions,

affiliates, joint ventures, stockholders, officers, directors, management, supervisory boards, insurers, general or limited partners, employees, agents, trustees, associates, attorneys and any of their legal representatives, or any other representatives thereof (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") from any and all manner of claims, rights, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, including costs, expenses, penalties and attorneys' fees, accrued in whole or in part, in law or equity, that Plaintiffs or any member of the End-Payor Class (including any of their past, present, or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors and assigns, acting in their capacity as such) (the "Releasors"), whether or not they object to the Settlement, ever had, now has, or hereafter can, shall or may have, indirectly, representatively, derivatively or in any other capacity, arising out of or relating in any way to:

(1) Any conduct alleged in the End-Payor Class Action and/or that could have been alleged in the End-Payor Class Action, or

(2) Any conduct alleged, or that could have been alleged, in any other complaint filed in any action in any court related to the End-Payor Class Action (the "Related Actions")

13

provided only that such conduct occurred or allegedly occurred prior to the date of this Settlement Agreement (the "Released Claims"). Releasors hereby covenant and agree that each shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims, including claims that were alleged in the End-Payor Class Action.

(b)      In addition, Plaintiffs on behalf of themselves and all other Releasors, hereby expressly waive, release and forever discharge, upon the Settlement becoming final, any and all provisions, rights and benefits conferred by §1542 of the California Civil Code, which reads:

> **Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;**

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  Releasors may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph 12, but each Releasor hereby expressly waives and fully, finally and forever settles, releases and discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without

regard to the subsequent discovery or existence of such different or additional facts.
Each Plaintiff on behalf of themselves and all other Releasors also hereby expressly
waives and fully, finally and forever settles, releases and discharges any and all claims
it may have against any Released Party under § 17200, *et seq.*, of the California
Business and Professions Code or any similar comparable or equivalent provision of
the law of any other state or territory of the United States or other jurisdiction, which
claims are expressly incorporated into the definition of Released Claims.

      **13.**    **Reservation of Claims**. This settlement is not intended to and does not
release claims under Article 2 of the Uniform Commercial Code (pertaining to Sales),
the laws of negligence or product liability or implied warranty, breach of contract,
breach of express warranty, or personal injury, or other claims wholly unrelated to the
allegations in the End-Payor Class Action or to allegations that could have been alleged
or asserted in the Action.

      **14.**    **Stay of Proceedings**. Pending Court approval of the Settlement
embodied in this Settlement Agreement, the parties agree to stay any and all
proceedings against Defendant in the End-Payor Class Action other than those incident
to the settlement process, and agree to extensions of time with respect to any court
filings necessary to effectuate such stays.

      **15.**    **Effect of Disapproval**. If the Court declines to preliminarily approve
the Settlement, or if the Court does not enter the Preliminary Approval Order or
approve of notice to the End-Payor Class in the form provided for in paragraph 3, then
this Settlement Agreement and the Settlement, shall be terminated upon the election of

Defendant only by providing written notice to Class Counsel for Plaintiffs within ten (10) business days following the occurrence of any such event. If the Court declines to finally approve this Settlement, or if the Court does not enter the Final Order and Judgment in substantially the form provided for in paragraph 4, or if the Court enters the Final Order and Judgment and appellate review is sought, and on such review, the Final Order and Judgment is set aside or is affirmed with material modification, then this Settlement Agreement and the Settlement, shall be terminated upon the election of any of the Defendant or Lead Counsel for Plaintiffs by providing written notice to the parties designated to receive such notice hereunder in accordance with paragraph 24 hereof and the Escrow Agent within ten (10) business days following the occurrence of any such event. An Order by the Court awarding attorneys' fees, costs, expenses, and/or incentive awards from the Settlement Fund in any amount lower than requested by Plaintiffs' counsel pursuant to this Settlement Agreement (including paragraph 11) shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Final Order and Judgment and shall not give rise to any right of termination. A modification or reversal on appeal of any amount of Plaintiffs' counsel's fees, costs and expenses awarded by the Court from the Settlement Fund, or the amount of incentive awards from the Settlement Fund to Plaintiffs in the Class Action, shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Final Order and Judgment and shall not give rise to any right of termination.

**17.**     **Termination**. In the event that the Settlement is terminated pursuant to paragraph 16 hereof, then (a) this Settlement Agreement shall be of no force or effect, (b) any amount of the Settlement Fund attributable to this Settlement, including any and all interest earned thereon, shall be paid to Defendant, but less the costs expended for notice of the Settlement, settlement administration, escrow administration, and taxes paid on the Settlement Fund. Payment to Defendant under this provision shall be made within fifteen (15) business days after the Escrow Agent receives written notice signed by End-Payor Class Counsel and Impax counsel stating that the Settlement has been terminated, and (c) any release pursuant to paragraph 12 above shall be of no force or effect.

**18.**     **Amendment.** The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all parties hereto or their respective successors-in-interest.

**19.**     **Preservation of Rights**. The parties hereto agree that this Settlement Agreement, whether or not it shall become final, and any and all negotiations, communications, documents and discussions associated with it shall be without prejudice to the rights of any party; shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Defendant, or of the truth of any of the claims or allegations contained in the complaint or any other pleading or document; and evidence thereof shall not be discoverable, admissible, or otherwise used directly or indirectly, in any way (except in accordance

with the terms of this Settlement, and that the provisions of this Settlement Agreement can be used by the parties to enforce the provisions of the Settlement Agreement), whether in the End-Payor Class Action or in any other action or proceeding. The parties expressly reserve all of their rights if the Settlement does not become final in accordance with the terms of this Settlement Agreement. Upon the Settlement becoming final, nothing in this paragraph shall prevent Defendant from asserting any release or using this Settlement Agreement to offset any liability to any other persons or entities.

20.     **Resumption of Litigation**. The parties hereto agree, subject to approval of the Court, that in the event that the Settlement does not become final pursuant to paragraph 5, Defendant does not perform under paragraph 6, or if the Settlement is terminated pursuant to paragraph 16 herein, litigation of the End-Payor Class Action against Defendant will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

21.     **Confidentiality**. The terms of this Settlement Agreement shall remain confidential until Plaintiffs move for preliminary approval of the Settlement, except that the Court and any other parties may be informed of the fact of settlement, and the terms of the Settlement Fund provisions under paragraph 6, unless Defendant and Lead Counsel for the End-Payor Class agree otherwise. However, this provision does not apply to statements made in judicial filings necessary to obtain preliminary Court approval of the Settlement, and each Defendant shall be entitled to make such disclosures of the Settlement Agreement as it, in its sole discretion, determines are

appropriate under the law, including in any filing with the United States Securities and Exchange Commission and in any statements related to Defendant's corporate disclosure obligations or to announcements of corporate finances. The parties further agree that neither the parties nor their counsel will issue any press release concerning the Settlement.

22.     **Binding Effect**. This Settlement Agreement shall be binding upon, and inure to the benefit of, the parties hereto, the Released Parties, the Releasors, and the successors and assigns of each of them.

23.     **Names of Parties**. The undersigned counsel for Plaintiffs warrant that all of their named clients in the End-Payor Class Action are parties to this Settlement Agreement even if one or more of them is mistakenly identified in this Settlement Agreement by an incorrect name.

24.     **Notice**. Any and all notices, requests, consents, directives, or communications by any party intended for any other party shall be in writing and shall, unless expressly provided otherwise herein, be given personally, or by express courier, or by electronic transmission (such as e-mail) followed by postage prepaid mail, to the following persons, and shall be addressed as follows:

To Plaintiffs and the End-Payor Class:

Steve D. Shadowen
Hilliard & Shadowen LLP
2407 S. Congress Avenue, Ste E122
Austin, TX 78704
Tel: (855) 344-3928

steve@hilliardshadowenlaw.com

Michael M. Buchman
600 Third Avenue, Suite 2101
New York, NY 10016
Tel: (212) 577-0040
mbuchman@motleyrice.com

*Co-Lead Counsel for the End-Payor Class*

To Defendant:

J. Douglas Baldridge
Lisa Jose Fales
Danielle R. Foley
Venable LLP
600 Massachusetts Ave, NW
Washington, DC 20001
Tel: (202) 344-4000

*Counsel for Impax Laboratories, Inc.*

Any of the parties may, from time to time, change the address to which such notices, requests, consents, directives, or communications are to be delivered, by giving the other parties prior written notice of the changed address, in the manner hereinabove provided, ten (10) calendar days before the change is effective.

25.     **Integrated Agreement**. This Settlement Agreement (including the exhibits) contains an entire, complete, and integrated statement of each and every term and provision agreed to, by and among the parties. This Settlement Agreement shall not be modified in any respect except by a writing executed by all the parties hereto.

26.     **Headings**. The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

27.     **No Party is the Drafter**. None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

28.     **Choice of Law**. All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the Commonwealth of Massachusetts without regard to its choice of law or conflict of laws principles.

29.     **Consent to Jurisdiction**. Defendant and each member of the End-Payor Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for District of Massachusetts for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement. Nothing in this paragraph shall prohibit (a) the assertion in any forum in which a claim is brought that any release herein is a defense, in whole or in part, to such claim or (b) in the event that such a defense is asserted in such forum, the determination of its merits in that forum.

30.     **No Admission of Liability**. Nothing in this Settlement Agreement shall be construed as an admission in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, by Defendant including, without limitation, that Defendant has engaged in any conduct or practices that violates any antitrust statute or other law. This Settlement Agreement shall not be admissible for any purpose except

in an action to enforce its terms or as otherwise provided in paragraphs 5, 19 and 29 hereof.

31.     **Execution in Counterparts**. This Settlement Agreement may be executed in counterparts. Signatures transmitted by facsimile or other electronic means shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Settlement Agreement and filed with the Court.

32.   **Authority**. Each of the End-Payor Plaintiffs and Defendant represents and warrants that they are authorized to enter into this Settlement Agreement, that it has authorized its counsel to enter into the Settlement Agreement on its behalf, and that it intends this Settlement Agreement to be a valid and binding obligation, enforceable with its terms.

[The remainder of this page is intentionally left blank.]

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Settlement Agreement as of March 28, 2018.

Plaintiffs:

By:

Steve D. Shadowen
Hilliard & Shadowen LLP
2407 S. Congress Avenue, Ste E122
Austin, TX 78704
Tel: (855) 344-3928
steve@hilliardshadowenlaw.com

Michael M. Buchman
600 Third Avenue, Suite 2101
New York, NY 10016
Tel: (212) 577-0040
mbuchman@motleyrice.com

*Lead Counsel for End-Payor Class*

Defendant:

By:

J. Douglas Baldridge
Lisa Jose Fales
Danielle R. Foley
Venable LLP
600 Massachusetts Avenue NW
Washington DC  20001
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com

*Counsel for Impax Laboratories, Inc.*