**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE SOLODYN (MINOCYCLINE HYDROCHLORIDE) ANTITRUST LITIGATION | MDL No. 2503 <br><br> 1:14-md-2503-DJC |
| THIS DOCUMENT RELATES TO: <br><br> ALL END-PAYOR ACTIONS | |

**[PROPOSED] ORDER**
**AWARDING ATTORNEYS' FEES, EXPENSES AND APPROVING**
**SERVICE AWARDS TO THE CLASS REPRESENTATIVES**

Having considered (a) End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Grant of Service Awards to the Class Representatives, (b) Memorandum of Law in Support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Grant of Service Awards to the Class Representatives; (c) Joint Declaration of Michael M. Buchman and Steven D. Shadowen in Support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Grant of Service Awards to the Class Representatives; (d) Declaration of Michael M. Buchman in Support of End-Payor Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Grant of Service Awards to the Class Representatives; and all of the submissions and arguments with respect thereto; and pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure, and in accordance with the terms of the separate Settlement Agreements between End-Payor Plaintiffs ("EPP") and (i) Defendant Medicis Pharmaceutical Corp. ("Medicis") and (ii) Defendant Impax Laboratories, Inc. ("Impax"), respectively (collectively, the "Settlement Agreements"), the Court hereby ORDERS as follows:

1. The Court has jurisdiction over this Action, each of the parties, and all members of the Class.

2. Unless stated otherwise herein, this Order incorporates by reference the definitions in the Settlement Agreements, both of which are on file with this Court, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.[1]

3. As set forth in the Preliminary Approval Orders (ECF Nos. 1077 and 1144) dated March 6, 2018, and April 5, 2018, the previously certified Class is defined as follows:

> All persons or entities in the United States and its territories and possessions, including the Commonwealth of Puerto Rico, who indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for Solodyn 45mg, 55mg, 65mg, 80mg, 90mg, 105mg, 115mg and/or 135mg tablets and/or generic versions of one or more of these dosages in Alabama, Alaska, Arizona, Arkansas, California, Florida, Hawaii, Idaho, Illinois, Iowa, Kansas, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, Wisconsin, Wyoming, the District of Columbia and Puerto Rico, for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries, other than for resale, at any time from July 23, 2009 to February 25, 2018.
>
> The following persons or entities are excluded from the End-Payor Class:
>
> a. Defendants and their counsel, officers, directors, management, employees, subsidiaries, or affiliates;
>
> b. All persons or entities who purchased Solodyn or its generic equivalents for purposes of resale or directly from the Defendant or its affiliates;
>
> c. Fully insured health plans (plans that purchased insurance from another third-party payor covering 100% of the plan's reimbursement obligations to its members);
>
> d. Pharmacy Benefits Managers;

---

[1] End-Payor Plaintiffs herein refer to the settlements with Medicis and Impax jointly as the Medicis/Impax Settlements.

  e. Flat co-payers (consumers who paid the same co-payment amount for brand and generic drugs); and

  f. The judges in this case and any members of their immediate families.

4. The Court finds that End-Payor Co-Lead Counsel, listed below, along with other EPP Class Counsel, have fairly and adequately represented the interests of the EPP Class and satisfied the requirements of Fed. R. Civ. P. 23(g):

> Michael M. Buchman
> Motley Rice LLC
> 600 Third Avenue, Suite 2101
> New York, NY 10016
>
> Steven D. Shadowen
> Hilliard & Shadowen LLP
> 2407 S. Congress Ave., Suite E 122
> Austin, TX 78704

5. In evaluating a request for fees and reimbursement of expenses, courts in this district generally consider the factors set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) and *Goldberger v. Integrated Res.*, 209 F.3d 43 (2d Cir. 2000).[2] Analyzing these so-called "Goldberger factors" with respect to the Medicis/Impax Settlements here, the Court finds:

  (a) The Medicis/Impax Settlements confer a monetary benefit to every member of the EPP Class and the settlement amounts are substantial;

  (b) End-Payor Class Counsel are skillful, experienced counsel and have effectively and efficiently prosecuted this complex action on behalf of the EPP Class;

---

[2] *See, e.g., In re Neurontin Marketing and Sales Practices Litigation*, 58 F.Supp.3d 167, 170 (D. Mass. 2014); Order and Final Judgment Finding Notice to Satisfy Due Process, Approving Settlement, Awarding Attorney's Fees and Expenses, Approving Service Awards to Representative Plaintiffs, and Ordering Dismissal With Prejudice at 7-8, *In re Asacol Antitrust Litigation*, No. 15-cv-12730-DJC (D. Mass. Dec. 7, 2017), ECF No. 648.

(c)     End-Payor Class Counsel undertook numerous and significant risks on behalf of members of the Class with no guarantee that they would be compensated;

(d)     End-Payor Class Counsel have reasonably expended thousands of hours and incurred substantial out-of-pocket expenses in prosecuting this Action, with no guarantee of recovery; and

(e)     Fee awards akin to the fee requested by Class Counsel here have been awarded in comparable cases, including Hatch-Waxman antitrust class actions similarly alleging impeded entry of generic drugs.

6.     In addition, the lodestar cross-check suggests that the request for attorneys' fees is reasonable. Here, there is a very modest enhancement/multiplier of approximately $1,000,000.00. The Court finds this to be a more than reasonable number given the difficult circumstances of this case, the time and resources invested, the experience and skill of Class Counsel, and the result achieved for the Class.

7.     Upon consideration of Class Counsel's petition for fees, Motley Rice LLC; Hilliard & Shadowen LLP; Berman Tabacco: Cohen Milstein Sellers & Toll P.L.L.C.; Cohen, Placitella & Roth, PC; Dugan Law Firm; Fine, Kaplan and Black, R.P.C.; Girard Gibbs LLP; Glancy Prongay & Murray LLP; Heins Mills & Olsen, P.L.L.C.; Lauletta Birnbaum; McGowan, Hood & Felder LLC; Miller Law LLC; Pomerantz, LLP; Rusing Lopez & Lizardi, P.L.L.C.; Sadin Law Firm, P.C.; Shepard, Finkleman, Miller & Shah LLP; and Weinstein Kitchenoff & Asher LLC are hereby awarded attorneys' fees totaling 33 1/3% of the combined Medicis Settlement Fund and Impax Settlement Fund ("Medicis/Impax Settlement Funds"), together with a proportionate share of the interest thereon since the funds were deposited in escrow, to be paid solely from the Medicis-Impax Settlement Fund.

8.  Because a named plaintiff is an essential ingredient of any class action, a service award can be appropriate to encourage or induce an individual to participate in the suit.[3] United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund, the City of Providence, Rhode Island, Fraternal Order of Police, Fort Lauderdale Lodge 31 Insurance Trust Fund, International Union of Operating Engineers Local 132 Health and Welfare Fund, International Union of Operating Engineers Stationary Engineers Local 39 Health & Welfare Trust Fund, Painters District Council No. 30 Health and Welfare Fund, Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund, Heather Morgan, Man-U Service Contract Trust Fund, Sheet Metal Workers Local No. 25 Health & Welfare Fund, Local 274 Health & Welfare Fund, and Allied Services Welfare Fund ("Class Representatives") ably served as class representatives in this matter, incurring time and expense in discovery and monitoring of the litigation on behalf of the Class, leading to a successful resolution of the matter. Upon consideration of Class Counsel's request for service awards to the Class Representatives in this Action, the Court hereby approves service awards of $145,000 to the Class Representatives to be paid solely from the Medicis/Impax Settlement Funds.

9.  Co-Lead Counsel shall allocate and distribute the service payments to the Class Representatives and such attorneys' fees among the Class Counsel that have participated in this litigation. Neither Medicis nor Impax shall have any responsibility for, or any liability whatsoever with respect to, any payment or disbursement of attorneys' fees among Class Counsel and/or service awards to the Class Representatives, nor with respect to any allocation of attorneys' fees or service awards to any other person or entity who may assert any claim thereto. There having been no objections to either the Medicis/Impax Settlements or the motion for an

---

[3] *In re Lupron Marketing and Sales Practices Litigation*, No. MDL 1430, 01-cv-10861-RGS, 2005 WL 2006833, at *7 (D. Mass., Aug. 17, 2005). Service awards are also known as "incentive awards."

award of attorneys' fees, expenses and service awards to the Class Representatives, the attorneys' fees, expenses and service awards authorized and approved by this Order and Final Judgment may be paid to Class Counsel and the Class Representatives within five (5) business days after entry of this Order and in accordance with the terms of the Settlement Agreements and the Escrow Agreements. The attorneys' fees, expenses and service awards authorized and approved by this Order shall constitute full and final satisfaction of any and all claims that End-Payor Plaintiffs and any EPP Class member, and their respective counsel, may have or assert for reimbursement of fees, expenses and service awards. With the exception of the reimbursement of expenses from the remaining monies in the Sandoz and Lupin Settlement accounts, End-Payor Plaintiffs and their respective counsel shall not seek or demand payment of any fees, costs, expenses and/or service awards from any source other than the Medicis/Impax Settlement Funds.

10. The Court retains exclusive jurisdiction over the Medicis/Impax Settlements and the Settlement Agreements as described therein, including the administration and consummation of the Medicis/Impax Settlements, and over this Order.

11. End-Payor Co-Lead Counsel and A.B. Data, Ltd., the court-appointed claims administrator, are authorized to begin administration and distribution of the attorneys' fees and service awards within five (5) business days of entry of this Order.

12. Neither this Order nor the Settlement Agreements nor any other Medicis/Impax Settlement-related document shall constitute any evidence or admission of liability by Medicis or Impax or any other Released Party, nor shall either of the Settlement Agreements, this Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce

the Settlement Agreements or the terms of this Order or if offered by any Released Party in responding to any action purporting to assert Released Claims.

    IT IS SO ORDERED.


Dated: _____        _____
                                            The Honorable Denise J. Casper
                                            United States District Judge
                                            U.S. District Court for the District of Massachusetts