UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SOLODYN (MINOCYCLINE HYDROCHLORIDE) ANTITRUST LITIGATION | MDL No. 2503<br><br>1:14-md-2503-DJC |
| THIS DOCUMENT RELATES TO:<br><br>ALL END-PAYOR ACTIONS | |

[~~PROPOSED~~] ORDER APPROVING END-PAYOR CLASS PLAINTIFFS' SETTLEMENTS WITH MEDICIS PHARMACEUTICAL CORP. AND IMPAX LABORATORIES, INC.; ENTERING FINAL JUDGMENT; AND DISMISSING END-PAYOR CLASS'S CLAIMS AGAINST MEDICIS PHARMACEUTICAL CORP. AND IMPAX LABORATORIES INC.

WHEREAS, on February 25, 2018, Plaintiffs, United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund, the City of Providence, Rhode Island, Fraternal Order of Police, Fort Lauderdale Lodge 31 Insurance Trust Fund, International Union of Operating Engineers Local 132 Health and Welfare Fund, International Union of Operating Engineers Stationary Engineers Local 39 Health & Welfare Trust Fund, Painters District Council No. 30 Health and Welfare Fund, Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund, Heather Morgan, Man-U Service Contract Trust Fund, Sheet Metal Workers Local No. 25 Health & Welfare Fund, Local 274 Health & Welfare Fund, and Allied Services Welfare Fund (collectively, "End-Payor Class Plaintiffs"), on behalf of themselves and the certified End-Payor Class, and Defendant Medicis Pharmaceutical Corp. ("Medicis") entered into a settlement agreement ("Medicis Settlement Agreement"), which sets forth the terms and conditions of the parties' proposed settlement and the release and dismissal with prejudice of the End-Payor Class's claims against Medicis ("Medicis Settlement");

WHEREAS, on March 28, 2018, End-Payor Class Plaintiffs, on behalf of themselves and the End-Payor Class, and Defendant Impax Laboratories, Inc. ("Impax"), entered into a settlement agreement (the "Impax Settlement Agreement"), which sets forth the terms and conditions of the parties' proposed settlement and the release and dismissal with prejudice of the End-Payor Class's claims against Impax (the "Impax Settlement");

WHEREAS, on March 6, 2018 and April 5, 2018, upon End-Payor Class Plaintiffs' Motions for Preliminary Approval of Proposed Class Action Settlements with Medicis and Impax ("End-Payor Class Plaintiffs' Motions"), this Court entered Orders: (i) preliminarily approving the Medicis and Impax Settlements; (ii) staying End-Payor Class Plaintiffs' litigation against Medicis and Impax; and (iii) approving the Notice Plans and Long and Short Form Notices, setting schedules for final approval of the Settlements and appointing A.B. Data, Ltd. as Notice Administrator;

WHEREAS notice of the Settlements to the End-Payor Class, including End-Payor Class Counsel's intent to seek attorneys' fees, reimbursement of costs and expenses and incentive awards for the named plaintiffs from the Settlement Funds, was provided via direct mail and publication in accordance with the approved Notice Plan, and was completed on or before the court-ordered deadlines of May 8, 2018 for the Medicis Settlement and June 11, 2018 for the Impax Settlement;

WHEREAS members of the End-Payor Class were afforded the opportunity to object to the Settlements, and no objections were received;

WHEREAS, on June 18, 2018, End-Payor Class Plaintiffs filed a Motion for Final Approval of Class Action Settlements with Medicis and Impax;

WHEREAS, Medicis and Impax do not oppose End-Payor Class Plaintiffs' Motion;

WHEREAS, the Court held a hearing on final approval of the settlements on July 18, 2018; and

WHEREAS, the Court is familiar with and has reviewed the record in this case and the Settlement Agreements, including the attached exhibits, and has found good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of this action and over all parties to the action, including all members of the End-Payor Class.

2. This Order and Final Judgment incorporates the Medicis and Impax Settlement Agreements, and terms used in this Order and Final Judgment that are defined in the Medicis and Impax Settlement Agreements have the same meanings as in the respective Settlement Agreements.

3. In light of this Court's previous order dated October 16, 2017 (Dkt. No. 682) certifying the End-Payor Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and the now proposed Settlements in the above-captioned action (the "Action") with Impax and Medicis, for purposes of these Settlements the Class is defined as follows:

> All persons or entities in the United States and its territories and possessions, including the Commonwealth of Puerto Rico, who indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for Solodyn 45mg, 55mg, 65mg, 80mg, 90mg, 105mg, 115mg and/or 135mg tablets and/or generic versions of one or more of these dosages in Alabama, Alaska, Arizona, Arkansas, California, Florida, Hawaii, Idaho, Illinois, Iowa, Kansas, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, Wisconsin, Wyoming, the District of Columbia and Puerto Rico, for consumption by themselves, their

families, or their members, employees, insureds, participants, or beneficiaries, other than for resale, at any time from July 23, 2009 to February 25, 2018.

4.   The following persons or entities are excluded from the End-Payor Class:

   a. Defendants and their counsel, officers, directors, management, employees, subsidiaries, or affiliates;

   b. All federal or state governmental entities, excluding cities, towns, or municipalities with self-funded prescription drug plans;

   c. All persons or entities who purchased Solodyn or its generic equivalents for purposes of resale or directly from the Defendants or their affiliates;

   d. Fully insured health plans (plans that purchased insurance from another third-party payor covering 100% of the plan's reimbursement obligations to its members);

   e. Pharmacy Benefits Managers;

   f. Flat co-payers (consumers who paid the same co-payment amount for brand and generic drugs); and

   g. The judges in this case and any members of their immediate families.

5.   Members of the End-Payor Class were provided with due and adequate notice of the Settlements, including their right to object to the Settlements and End-Payor Class Counsel's intent to seek from the Settlement Funds attorneys' fees, reimbursement of costs and expenses and incentive awards for the named plaintiffs. Notice was distributed via both direct mail and publication notice. Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law. A full and fair opportunity to be heard was afforded to all members of the Class with respect to the foregoing matters. Accordingly, the Court hereby determines that all members of the End-Payor Class are bound by this Order and Final Judgment.

6.   The terms of the Medicis Settlement Agreement, dated February 25, 2018, including all exhibits thereto, are approved. The Medicis Settlement Agreement was entered into

after substantial discovery and motion practice and arm's-length negotiations by experienced counsel on behalf of the End-Payor Class. The Court finds the Medicis Settlement Agreement and its terms to be a fair, reasonable and adequate settlement as to the End-Payor Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directs the consummation of the Medicis Settlement Agreement pursuant to its terms.

7. The Proposed Plan of Allocation for the Medicis Settlement Funds, Dkt. No. 1067-7, is hereby approved, and the Claims Administrator, A.B. Data, Ltd., is authorized to begin administration and distribution of the Settlement Funds in accordance with the Plan of Allocation.

8. The terms of the Impax Settlement Agreement, dated March 28, 2018, are approved. The Impax Settlement Agreement was entered into after substantial discovery, motion practice, ten days of trial and arm's-length negotiations by experienced counsel on behalf of the End-Payor Class. The Court finds the Impax Settlement Agreement and its terms to be a fair, reasonable and adequate settlement as to the End-Payor Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directs the consummation of the Impax Settlement Agreement pursuant to its terms.

9. The Proposed Plan of Allocation for the Impax Settlement Funds, Dkt. No. 1143-3, is hereby approved, and the Claims Administrator, A.B. Data, Ltd., is authorized to begin administration and distribution of the Settlement Funds in accordance with the Plan of Allocation.

10. The Court will address by separate Order the motion filed by the End-Payor Class Plaintiffs and Class Counsel for attorney's fees, reimbursement of costs and expenses and incentive awards for the named plaintiffs.

11. The End-Payor Class's claims against Impax in this action are dismissed with prejudice and, except as provided for herein and in the Impax Settlement Agreement, without costs.

12. As set forth in the Impax Settlement Agreement, upon the Impax Settlement Agreement becoming final in accordance with paragraph 5 of that Agreement, each of the End-Payor Class Plaintiffs and members of the End-Payor Class ~~releases,~~ *and Releasors as defined in the Settlement Agreement, DJC* ~~and~~ shall be deemed to have unconditionally, fully and finally released and forever discharged, each and every Released Claim against each of the Released Parties.

13. The End-Payor Class's claims against Medicis in this action are dismissed with prejudice and, except as provided for herein and in the Medicis Settlement Agreement, without costs.

14. As set forth in the Medicis Settlement Agreement, upon the Medicis Settlement Agreement becoming final in accordance with paragraph 5 of the Agreement, each of the End-Payor Class Plaintiffs and members of the End-Payor Class ~~releases,~~ *and Releasors, as defined in the Settlement Agreement DJC.* ~~and~~ shall be deemed to have unconditionally, fully and finally released and forever discharged, each and every Released Claim against each of the Released Parties.

15. This Order and Final Judgment shall not be offered or admitted against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any admission by any of the Released Parties with respect to the truth of any allegations made by End-Payor Class Plaintiffs or the validity of any claim asserted against any of the Released Parties. This Order and Final Judgment shall not be offered or admitted as evidence against any of the Released Parties in any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreements or the terms of this Order and Final Judgment; or if offered by any

Releasee or Releasor in a dispute over the scope or interpretation of the Released Claims, the dismissed claims or any other terms of this Order and Final Judgment.

16. Pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay in the entry of this Order and Final Judgment, and the Clerk of the Court is directed to immediately enter final judgment dismissing with prejudice: (i) the End-Payor Class's claims against Impax; and (ii) the End-Payor Class's claims against Medicis. Such judgment shall be final and immediately appealable.

17. The Court retains exclusive jurisdiction to consider all further matters arising out of or connected with the Settlements and the Settlement Agreements, including the administration and consummation of the Settlements and, as provided for in the Settlement Agreements, the payment and reimbursement of attorneys' fees, costs and expenses and disbursement of the remainder of the Settlement Funds.

Dated: July 18, 2018

SO ORDERED:

Denise J. Casper
United States District Court Judge
U.S. District Court for the District of Massachusetts

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2018, a true copy of the foregoing document was served on all counsel of record by electronically filing the document with the Court's CM/ECF system.

/s/ *Michael M. Buchman*
Michael M. Buchman