UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SOLODYN (MINOCYCLINE HYDROCHLORIDE) ANTITRUST LITIGATION | MDL No. 14-md-2503-DJC |
| THIS DOCUMENT RELATES TO:<br><br>All Direct Purchaser Actions | |

[PROPOSED]
### ORDER AND FINAL JUDGMENT FINDING NOTICE TO SATISFY DUE PROCESS, GRANTING FINAL APPROVAL OF MEDICIS AND IMPAX SETTLEMENTS, AND ORDERING DISMISSAL WITH PREJUDICE

Having considered:

a) Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Medicis, Approval of the Form and Manner of Notice, and Setting a Settlement Schedule (ECF No. 1062); Direct Purchaser Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Proposed Settlement with Medicis, Approval of the Form and Manner of Notice, and Setting a Settlement Schedule (ECF No. 1063); and the supporting Declaration of Lauren Barnes with all attachments (ECF No. 1064);

b) Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Impax, Approval of the Form and Manner of Notice, and Setting a Settlement Schedule (ECF No. 1092); Direct Purchaser Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Proposed Settlement with Impax, Approval of the Form and Manner of Notice, and Setting a Settlement

1

Schedule (ECF No. 1093); and the supporting Declaration of Lauren Barnes with all attachments (ECF No. 1094); and

c) Direct Purchaser Class Plaintiffs' Motion for Entry of Orders (1) Reimbursing and Paying Expenses and Disbursing Remaining Sandoz and Lupin Funds to the Class; (2) Approving Service Awards to Class Representatives and Awarding Attorneys' Fees; and (3) Finding Notice to Satisfy Due Process, Granting Final Approval of Medicis and Impax Settlements, and Ordering Dismissal with Prejudice, with the attached proposed Order; memorandum of law in support; supporting Joint Declaration of Co-Lead Counsel for the Direct Purchaser Class, Lauren G. Barnes and David F. Sorensen; and the Declaration of Steven J. Giannotti Regarding the Notice Program,

and all of the submissions and arguments with respect thereto; and pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure, and in accordance with the terms of (1) the Direct Purchaser Class Settlement Agreement with Medicis Pharmaceutical Corp. ("Medicis"), dated February 22, 2018 (the "Medicis Agreement"), and (2) the Direct Purchaser Class Settlement Agreement with Impax Laboratories, Inc. ("Impax"), dated March 9, 2018 (the "Impax Agreement") (collectively, the "Settlement Agreements"), the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over this action, each of the parties, and all members of the Class.

2. This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreements among the parties to the action on file with this Court, and all capitalized

terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.

3. As set forth in this Court's order dated October 16, 2017 (ECF No. 682) certifying the Direct Purchaser Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3), as well as the Order Granting Direct Class Plaintiffs' Motion for Preliminary Approval of Settlement with Medicis Pharmaceutical Corp., Approval of Form and Manner of Notice, and Setting Schedule for Final Approval Hearing (ECF No. 1078), and the Order Granting Direct Class Plaintiffs' Motion for Preliminary Approval of Settlement with Impax Laboratories, Inc., Approval of Form and Manner of Notice, and Setting Schedule for Final Approval Hearing (ECF No. 1095), the Class is defined as follows:

> All persons or entities in the United States and its territories, including Puerto Rico, who purchased (a) 45mg, 55mg, 65mg, 80mg, 90mg, 105mg, 115mg, and/or 135mg brand or generic Solodyn tablets directly from any Defendant or other manufacturer at any time during the period July 23, 2009 through and including November 25, 2012 and/or (b) 55mg, 65mg, 80mg, 105mg, and/or 115mg brand Solodyn tablets directly from Medicis at any time from November 26, 2012 until November 30, 2015.
>
> Excluded from the Direct Purchaser Class are all defendants in this Action and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.
>
> Also excluded from the Direct Purchaser Class are the following entities that have opted out of the Class and have independently filed actions that have been coordinated in this Action: Walgreen Co., The Kroger Co., Safeway, Inc., HEB Grocery Company L.P., Albertson's, LLC, Rite Aid Corporation, Rite Aid Hdqtrs. Corp., and CVS Pharmacy, Inc.

4. Nothing in this Order affects the claims of the end-payor plaintiffs or end-payor class or the individually litigating plaintiffs in this action.

5. The notice of settlement (in the form presented to this Court as Exhibit 1 to the Direct Purchaser's Assented-To Motion Allowing Service of a Combined Settlement Notice

(ECF No. 1108-1)) (the "Notice"), mailed directly to the members of the Class, constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided for individual notice to all Class members who were identified through reasonable efforts. Copies of the Notice were disseminated via first-class U.S. mail to Class members identified from the sales data produced by the defendants and third-party generic manufacturers. The Notice was also posted on the settlement website, www.solodynantitrustdppsettlement.com. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice provided Class members due and adequate notice of the Settlements, the Settlement Agreements, these proceedings, and the rights of Class members to object to or opt out of the Settlements. Due and adequate notice of the proceedings having been given and a full opportunity having been offered to the Class to participate in the fairness hearing, it is hereby determined that all Class members are bound by this Order and Final Judgment.

6. The Court has held a hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlements, and has been advised that there have been no objections to the Settlements from any members of the Class.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlements, as set forth in the Settlement Agreements, and finds that they are, in all respects, fair, reasonable, and adequate to Class members. Specifically, the Settlements are fair, reasonable, and adequate in light of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974),[1] as follows:

---

[1] "The courts of this district have frequently used the factors articulated by the Second Circuit to examine the fairness of settlements." *Gulbankian v. MW Mfrs., Inc.*, No. 10-10392, 2014 WL 7384075, at *6-7 (D. Mass. Dec. 29, 2014) (collecting cases).

a) this case was highly complex, expensive, and time consuming, and would have continued to be so if the case had not settled;

b) there were no objections to the Settlements by Class members, all of whom received direct mailed notice;

c) because the case settled after the parties had completed discovery, the Court had ruled on class certification, summary judgment, and *Daubert* motions, and the case was on the verge of trial, Class Counsel had a full appreciation of the strengths and weaknesses of their case in negotiating the Settlements;

d) Class Counsel and the Class would have faced numerous and substantial risks in establishing liability, causation, and damages if they had decided to continue to litigate rather than settle; and

e) the amounts of the Settlements are well within the range of reasonableness in light of the best possible recovery and the risks the parties would have faced if the case had continued to verdicts as to both liability and damages.

8. The Court finds that Co-Lead Counsel, listed below, along with other Class Counsel, have fairly and adequately represented the interests of the Class and satisfied the requirements of Fed. R. Civ. P. 23(g):

Thomas M. Sobol
Lauren Guth Barnes
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge MA 02142

David F. Sorensen
Andrew C. Curley
Caitlin G. Coslett
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

9. All of the Class's claims against Medicis and Impax are hereby dismissed with prejudice and without costs as provided in the Settlement Agreements.

10. Upon these Settlements becoming final in accordance with paragraph 5 of the Settlement Agreements, Medicis and Impax and their respective past, present and future parents, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants, representatives (and the parents', subsidiaries', and affiliates' past and present and future officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators and representatives of each of the foregoing (the "Releasees"), are released and discharged with respect to, in connection with, or relating to any and all past, present, or future liabilities, claims, demands, obligations, suits, injuries, damages, levies, executions, judgments, debts, charges, actions, or causes of action, at law or in equity, whether class, individual, or otherwise in nature, and whether known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or non-contingent, arising out of or relating to the purchase of Solodyn, generic Solodyn or extended release minocycline hydrochloride arising under the Sherman Act, 15 U.S.C. §§ 1 & 2, et seq., or any other federal or state statute or common law relating to antitrust or unfair competition (the "Released Claims"). The Released Claims include, but are not limited to, any and all claims relating to or arising out of the facts, occurrences, transactions, or other matters alleged or asserted in this Action or that could have been asserted in this Action.

11. In addition, each Plaintiff and member of the Class hereby expressly waives and releases any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which reads:

> SECTION 1542. <u>GENERAL RELEASE–CLAIMS; extent</u>. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM

OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Plaintiff and member of the Class also hereby expressly waives and releases any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Plaintiff and member of the Class may hereafter discover facts other than or different from those that he, she, or it knows or believes to be true with respect to the claims that are the subject matter of Paragraph 10 of this Order and Final Judgment, but each Plaintiff and member of the Class expressly waives and fully, finally, and forever settles and releases as to the Releasees only any known or unknown, suspected or unsuspected, accrued or unaccrued, contingent or non-contingent claim that is the subject matter of Paragraph 10, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Plaintiff and member of the Direct Purchaser Class also hereby expressly waives and fully, finally, and forever settles and releases any and all claims that are the subject matter of Paragraphs 12 and 13 of this Order and Final Judgment that it may have against any of the Releasees under § 17200, *et seq.*, of the California Business and Professions Code or any similar, comparable, or equivalent provision of the law of any other state or territory of the United States or other jurisdiction.

12. The releases set forth in Paragraphs 10, 11 and 12 of this Order and Final Judgment effect a complete and total resolution of this action to the extent of the claims of the Direct Purchaser Plaintiff Class that were or could have been asserted relating to the allegations in this Action, but shall not release any claims arising in the ordinary course of business between Direct Purchaser Plaintiffs and Defendants arising under Article 2 of the Uniform Commercial Code (pertaining to sales), the laws of negligence or product liability or implied warranty, breach of

contract, breach of express warranty, or personal injury, or other claims unrelated to the Solodyn antitrust allegations in this action. Notwithstanding the foregoing, the releases set forth in Paragraphs 10 and 11 of this Order and Final Judgment apply to any claim prior to the date hereof arising out of or relating in any way to any alleged delay in the marketing, sale, or manufacture of any generic versions of Solodyn, or any alleged overcharges for Solodyn, or any generic versions of Solodyn, including claims arising under federal or state antitrust law, consumer protection law, consumer fraud law, or unfair competition law, or theories of tortious interference or unjust enrichment.

13.  The Court has separately reviewed and is separately granting Class Counsel's motions for (a) attorneys' fees and approval of service awards to the Class Representatives (ECF No. 1150) and (b) reimbursement of additional litigation expenses from the Sandoz and Lupin Settlement Funds (ECF No. 1153).

14.  The Court retains exclusive jurisdiction over the Settlements and the Settlement Agreements as described therein, including the administration and consummation of the Settlements, and over this Order and Final Judgment.

15.  The Court finds that this Order and Final Judgment, in conjunction with the Orders granting Class Counsel's motions for (a) attorneys' fees and approval of service awards to the Class Representatives (ECF No. 1150) and (b) reimbursement of additional litigation expenses from the Sandoz and Lupin Settlement Funds (ECF No. 1153), adjudicates all of the claims, rights, and liabilities of the parties to the Settlement Agreements (including the members of the Class), and is final. Co-Lead Counsel and Angeion Group, the Court-appointed claims administrator, are authorized to begin administration and distribution of the net proceeds of the Settlements within five (5) business days of entry of this Order.

16. Neither this Order and Final Judgment, nor the Settlement Agreements nor any other Settlement-related document shall constitute any evidence or admission of liability by Defendant or any other Released Party, nor shall either the Settlement Agreements, this Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreements of the terms of this Order or if offered by any released Party in responding to any action purporting to assert Released Claims.

**IT IS SO ORDERED.**

Dated: July 18, 2018

*[signature]*
DENISE J. CASPER
United States District Judge