UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SOLODYN (MINOCYCLINE HYDROCHLORIDE) ANTITRUST LITIGATION | MDL No. 14-md-2503-DJC |
| THIS DOCUMENT RELATES TO:<br><br>All Direct Purchaser Actions | |

[~~PROPOSED~~]
ORDER GRANTING FINAL APPROVAL OF PLAINIFFS' PROPOSED
PLAN OF ALLOCATION

Having considered:

a) Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Medicis, Approval of the Form and Manner of Notice, and Setting a Settlement Schedule (ECF No. 1062); Direct Purchaser Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Proposed Settlement with Medicis, Approval of the Form and Manner of Notice, and Setting a Settlement Schedule (ECF No. 1063); and the supporting Declaration of Lauren Barnes with all attachments (ECF No. 1064);

b) Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Impax, Approval of the Form and Manner of Notice, and Setting a Settlement Schedule (ECF No. 1092); Direct Purchaser Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Proposed Settlement with Impax, Approval of the Form and Manner of Notice, and Setting a Settlement Schedule (ECF No. 1093); and the supporting Declaration of Lauren Barnes with all attachments (ECF No. 1094); and

  c) Direct Purchaser Class Plaintiffs' Motion for Entry of Orders (1) Reimbursing and Paying Expenses and Disbursing Remaining Sandoz and Lupin Funds to the Class; (2) Approving Service Awards to Class Representatives and Awarding Attorneys' Fees; (3) Approving the Plan of Allocation; and (4) Finding Notice to Satisfy Due Process, Granting Final Approval of Medicis and Impax Settlements, and Ordering Dismissal with Prejudice, with the attached proposed Order; memorandum of law in support; supporting Joint Declaration of Co-Lead Counsel for the Direct Purchaser Class, Lauren G. Barnes and David F. Sorensen; Declaration of Jeffrey J. Leitzinger Related to Proposed Allocation Plan and Net Settlement Fund Allocation; and the Declaration of Steven J. Giannotti Regarding the Notice Program,

and all of the submissions and arguments with respect thereto; and pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure, and in accordance with the terms of (1) the Direct Purchaser Class Settlement Agreement with Medicis Pharmaceutical Corp. ("Medicis"), dated February 22, 2018 (the "Medicis Agreement"), and (2) the Direct Purchaser Class Settlement Agreement with Impax Laboratories, Inc. ("Impax"), dated March 9, 2018 (the "Impax Agreement") (collectively, the "Settlement Agreements"), the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

  1. This Court has jurisdiction over this action, each of the parties, and all members of the Class.

  2. This Order incorporates by reference the definitions in the Settlement Agreements among the parties to the action on file with this Court, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.

3. Nothing in this Order affects the claims of the end-payor plaintiffs or end-payor class or the individually litigating plaintiffs in this action.

4. The Court has held a hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlements, and has been advised that there have been no objections to the Settlements from any members of the Class.

5. The Court approves Direct Purchaser Class Plaintiffs Proposed Plan of Allocation for the Direct Purchaser Class ("Plan of Allocation"), which was filed on June 11, 2018, is available for download through the official settlement website, www.solodynantitrustdppsettlement.com, and addresses the allocation of (a) the funds from the Settlement Agreements, plus interest and net of Court-approved attorneys' fees and service awards and (b) any funds remaining in the Sandoz Settlement Fund and the Lupin Settlement Fund (*see* ECF 808, 809) after the deduction of any Court-approved attorney expenses (referred to herein as the "net proceeds of the Settlements").

6. The Court retains exclusive jurisdiction over the Settlements and the Settlement Agreements as described therein, including the administration and consummation of the Settlements, and over this Order.

7. The Court finds that this Order, in conjunction with the Orders (a) granting final approval of the Medicis and Impax Settlements and (b) granting Class Counsel's motions for (i) attorneys' fees and approval of service awards to the Class Representatives (ECF No. 1150) and (ii) reimbursement of additional litigation expenses from the Sandoz and Lupin Settlement Funds (ECF No. 1153), adjudicates all of the claims, rights, and liabilities of the parties to the Settlement Agreements (including the members of the Class), and is final.

8. Co-Lead Counsel and Angeion Group, the Court-appointed claims administrator, are authorized to begin administration and distribution of the net proceeds of the Settlements in accordance with the Plan of Allocation within five (5) business days of entry of this Order.

9. Neither this Order, nor the Settlement Agreements nor any other Settlement-related document shall constitute any evidence or admission of liability by Defendant or any other Released Party, nor shall either the Settlement Agreements, this Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreements of the terms of this Order or if offered by any released Party in responding to any action purporting to assert Released Claims.

**IT IS SO ORDERED.**

Dated: July 18, 2018

_____
DENISE J. CASPER
United States District Judge